UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESUS MIGUEL VILLARREAL,<br><br>     Petitioner,<br><br>  v.<br><br>PATRICK GLEBE,<br><br>     Respondent. | CASE NO. C14-5358 RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Karen L. Strombom. Dkt. 19. The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied. *Id*. Pursuant to 28 U.S.C §636(b)(1), the Report and Recommendation was noted for consideration on August 22, 2014. Dkt. 19. On August 26, 2014, the Court granted Petitioner's motion for an extension of time to file objections and renoted the Report and Recommendation for consideration on September 19, 2014. Dkt. 21. As of this date, September

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 1

1   29, 2014, Petitioner has not filed objections to the Report and Recommendation.  The Court has

2   considered the relevant documents and conducted a *de novo* review of the record.

3                        **INTRODUCTION AND BACKGROUND**

4         Petitioner Jesus Miguel Villarreal seeks 28 U.S.C. § 2254 habeas relief from his 2010

5   conviction by jury verdict of possession of methamphetamine with intent to deliver in a school

6   zone.  Dkt. 6.  He raises nine grounds for relief: illegal stop, search and seizure; lack of due

7   process during suppression hearing; wrongful denial of suppression motion; insufficient

8   evidence; wrongful admission of irrelevant expert testimony; unconstitutionality of school zone

9   statute as applied; and, prosecutorial misconduct.  *Id.*  The Report and Recommendation, filed

10  October 8, 2014, recommends the denial of the petition and dismissal of the case.  Dkt. 19.  The

11  Report and Recommendation further recommends a denial of the certificate of appealability.  *Id.*

12  The facts and relevant procedural history are in the Report and Recommendation (Dkt. 19, at 2-

13  6) and are adopted here by reference.

14                        **EVIDENTIARY HEARING**

15        The Magistrate Judge concluded that an evidentiary hearing was unnecessary as

16  Petitioner's claims rely on established rules of constitutional law and may be resolved on the

17  existing state court record.   Dkt. 19 at 7.  The Court agrees.

18                        **FOURTH AMENDMENT CLAIMS**

19        Petitioner's Fourth Amendment claims concern the initial stop and search and the of the

20  trial court's denial of his motion to suppress the evidence found during the search.  The

21  Magistrate Judge found these claims governed by *Stone v. Powell*, 428 U.S. 465, 482 (1976),

22  wherein the Supreme Court held that where the state has provided an opportunity for full and fair

23  litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 2

1  granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

2  search or seizure was introduced at his trial.  As noted by the Magistrate Judge, the record

3  reflects that Petitioner was provided the opportunity to litigate the Fourth Amendment violations

4  and in fact did so.  The trial court conducted a suppression hearing and concluded that there was

5  sufficient evidence of criminal activity to support a limited *Terry* detention and that Petitioner

6  had knowingly and intelligently consented to the search of the bag.  Petitioner's Fourth

7  Amendment claims are barred and should be denied.

8  **INSUFFICIENT EVIDENCE**

9       Petitioner claims that there was insufficient evidence to support the jury's verdict that he

10  intended to deliver methamphetamine.  The Magistrate Judge found that based on the amount of

11  methamphetamine and cash Petitioner had in his possession, together with the possession of a

12  police scanner, were sufficient for any rational trier of fact could have found beyond a reasonable

13  doubt that Petitioner intended to deliver methamphetamine.  The jury was entitled to believe the

14  State's evidence and disbelieve the Petitioner's explanation that the methamphetamine was for

15  his personal use.

16       The state court's adjudication of Mr. Villarreal's insufficient evidence claim was not

17  objectively unreasonable and was not an unreasonable application of, or contrary to, clearly

18  established Supreme Court precedent.  Petitioner's insufficiency of evidence claim should be

19  denied.

20  **ADMISSION OF EXPERT TESTIMONY**

21       Petitioner contends that the admissibility of expert testimony deprived him of a fair trial.

22  As indicated by the Magistrate Judge, the admission of evidence does not provide a basis for

23  habeas relief unless it rendered the trial fundamentally unfair in violation of due process.  See

24

1   *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991).  A review of the record reveals that the expert

2   testimony did not have a substantial or injurious effect or influence in determining the jury's

3   verdict.  The Magistrate Judge reasoned that the testimony was not offered as an opinion of

4   Petitioner's guilt or credibility, the testimony was useful to the jury's understanding of other

5   testimony (regarding the amounts of methamphetamine, the significance of those amounts, the

6   street price and the point retail price of the drugs), and there was sufficient evidence other than

7   the detective's testimony, with which to convict Petitioner of possession of methamphetamine

8   with intent to distribute.

9          The state court's adjudication of this claim was not contrary to, or an unreasonable

10  application of, clearly established federal law.  Petitioner's claim concerning the admissibility of

11  the expert testimony should be denied.

12  **CONSTITUTIONALITY OF SCHOOL ZONE STATUTE**

13         Petitioner claims contends that Washington's school zone statute, RCW 69.50.435, is

14  unconstitutional as applied to the facts of his case because there was no evidence that the school

15  zone was a destination chosen by him, and that he did not voluntarily stop there but was merely

16  passing through the school zone at 2 a.m. when there were no school children present.

17         The Magistrate Judge found that the state court interpreted the statute to apply to

18  Petitioner and a state court's interpretation of state law binds a federal court sitting in habeas

19  corpus.  See *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Additionally, the state court's

20  adjudication of Petitioner's equal protection (rational basis) claim was not contrary to, or an

21  unreasonable application of, clearly established federal law.

22         The Court agrees with the analysis of the Magistrate Judge.  The constitutional challenge

23  to RCW 69.50.425 should be denied.

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 4

1

## PROSECUTORIAL MISCONDUCT

2    Petitioner asserts the prosecutor committed misconduct during closing by suggesting that

3 Petitioner had not proved his innocence.  As detailed by the Magistrate Judge, the record does

4 not reflect Petitioner's allegations.  The prosecutor informed the jury it was the state's burden to

5 prove Petitioner's guilt.  The prosecutor told the jury the evidence established Petitioner's guilt

6 and it was on that basis the prosecutor asked the jury to return a guilty verdict.  Nor does the

7 record reflect that Petitioner objected to any of the prosecutor's closing argument.  There is no

8 error where there is a failure to object and the misconduct could have been resolved by timely

9 objection.  *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

10    The state court's adjudication of this issue was not contrary to, or an unreasonable

11 application of, clearly established federal law and therefore, the prosecutorial misconduct claim

12 should be denied.

13

## CERTIFICATE OF APPEALABILITY

14    The Magistrate Judge recommends the denial of a certificate of appealability.  Dkt. 19 at

15 18-19.  A certificate of appealability may issue only if a petitioner has made "a substantial

16 showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A petitioner

17 satisfies this standard "by demonstrating that jurists of reason could disagree with the district

18 court's resolution of his constitutional claims or that jurists could conclude the issues presented

19 are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322,

20 327 (2003).  Petitioner has not met this burden.

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 5

1

**CONCLUSION**

2

3
The Court, having reviewed the Report and Recommendation of Magistrate Judge Karen

L. Strombom and the remaining record, does hereby find and **ORDER**:

4
      1.       The Court adopts the Report and Recommendation (Dkt. 19);

5

6
      2.       Petitioner's § 2254 amended habeas petition is **DENIED** and
                **DISMISSED WITH PREJUDICE**

7
      3.       Petitioner is **DENIED** issuance of a certificate of appealability;

8
      4.       The Clerk is directed to send a copy of this Order to Plaintiff, and to the
                Hon. Karen L. Strombom.

9

10
Dated this 29TH day of September, 2014.

11

12

13
ROBERT J. BRYAN
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION DENYING PETITION FOR
HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY- 6